**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 8, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAMES RALPH DAWSON, JR.,

    Plaintiff - Appellant,

v.

MEREDITH LLOYD; ELOISE
OLIVERAS,

    Defendant - Appellees.

No. 15-1367
D.C. No. 1:14-CV-01920-MSK-NYW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **GORSUCH** and **McHUGH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is,

therefore, ordered submitted without oral argument.

In this pro se appeal, James Ralph Dawson, Jr. appeals the district court's

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec.
1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

dismissal of his 42 U.S.C. § 1983 claim against Meredith Lloyd and Eloise Oliveras, two nurses at the Fremont Correctional Facility (FCF) in Colorado, where Dawson is currently incarcerated. We review the grant of a motion to dismiss for failure to state a claim de novo. Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009). We affirm.

"A prison official's deliberate indifference to an inmate's serious medical needs is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment." Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). To survive a motion to dismiss, a plaintiff must plead both "an objective and a subjective component." See id. (quoting Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000)) (affirming the grant of summary judgment to prison officials). First, the plaintiff must show "that the deprivation at issue was in fact 'sufficiently serious.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). In cases where prison officials delay medical care, the plaintiff must show that "the delay resulted in substantial harm." Id. (quoting Oxendine v. Kaplan, 241 F.3d 1272, 1276 (10th Cir. 2001)). "The substantial harm requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable pain.'" Id. (quoting Garrett v. Stratman, 254 F.3d 946, 950 (10th Cir. 2001)).

The subjective element "requires the plaintiff to present evidence of the prison official's culpable state of mind." Id. "Gatekeeper" prison officials may

2

be liable for a deliberate indifference claim where they intentionally deny or delay access to medical care, or intentionally interfere with treatment. Id.; see also Estelle, 429 U.S. at 105. The official must "know[] of and disregard[] an excessive risk to inmate health or safety," a state of mind analogous to "criminal recklessness," in which a person "consciously disregards a substantial risk of serious harm." Mata, 427 F.3d at 751–52 (quoting Farmer, 511 U.S. at 836–38). For medical care providers, "an inadvertent failure to provide adequate medical care," amounting to negligence or medical malpractice, does not constitute an Eighth Amendment violation. Estelle, 429 U.S. at 105–06.

We must construe Dawson's pro se filings liberally, but we cannot act as his counsel or construct arguments on his behalf. Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005). As we understand Dawson's claims, he asserts that Lloyd and Oliveras exhibited deliberate indifference to his medical needs by inadequately preparing him for a colonoscopy such that it could not proceed, and then delayed a second attempt for several months. Specifically, his complaint alleges the following facts. On December 31, 2013 Dawson was informed by FCF medical staff that he was scheduled for a colonoscopy the next day. ROA Vol. I at 14. He had not been prepared for the procedure, which involves treatment with laxatives, and he informed Lloyd of that fact. Id. Dawson also informed Lloyd that he "had blood in [his] stool, [his] father had colon cancer, and polyps were removed from [his]

3

colon" five years prior.  Id.  The colonoscopy was rescheduled for one week later, and on January 6, 2014, Lloyd gave Dawson a half gallon of laxative, and Oliveras gave him four laxative pills in order to prepare him.  Id. at 14.  They also instructed him to drink a gallon of water that evening.  Id. at 14–15.  Dawson told the nurses "that from [his] previous colonoscopy preparations . . . [he] needed a whole gallon of the liquid laxative and [six] pill[s]," but they did not adjust the dosage.  Id. at 14.  The next day, physicians were unable to perform Dawson's colonoscopy "because [he] was not properly prepared by the FCF medical staff."  Id. at 15.  Dawson also alleged that the blood in his stool "is always preceded by excruciating pain that pulsates."  Id. at 15.  Based on these facts, Dawson sued both nurses for deliberate indifference to his medical needs, in their official and individual capacities.  He sought injunctive relief in the form of court-ordered colonoscopy preparation,[1] and damages.

Following Dawson's complaint, Lloyd filed a motion to dismiss, which was referred to a magistrate judge.  See ROA Vol. II at 42.  The magistrate judge recommended the district court grant the motion to dismiss.  Id. at 50.  Dawson

---

[1] As of the date of his complaint, six months after the failed colonoscopy attempt, Dawson had not "been examined by any medical staff."  ROA Vol. I at 13.  Since his complaint was filed, Dawson has undergone a successful colonoscopy during which no polyps were found, and his symptoms were attributed to ailments unrelated to colon cancer.  See Aplee. Lloyd Br. at 7; ROA Vol. II at 52, 92–93; Aplt. Br. at 2.  His claim for injunctive relief is therefore moot, but we reach the merits in order to address his claim for damages.

4

objected to the magistrate judge's recommendation. Id. at 70–71. Before the district court considered Dawson's objection, Olivas filed a motion to dismiss and Lloyd filed a second motion to dismiss. Id. at 100. In a single opinion and order, the district court adopted the magistrate judge's recommendation, overruled Dawson's objection, granted Lloyd's first motion to dismiss, and granted Oliveras' motion to dismiss. Id. at 99–100. Lloyd's second motion to dismiss was denied as moot. Id. at 100.

The district court assumed that Dawson's allegations of severe abdominal pain and bleeding were likely sufficient to satisfy the objective element of harm, but concluded that his complaint did not adequately plead deliberate indifference on the part of the two nurses. Id. at 99–100. We agree with the district court. As the district court noted, any arguable mistake or negligence in the nurses' administration of laxatives is insufficient to meet the standard of deliberate indifference, and Dawson has otherwise "not articulated any facts that would suggest that [either nurse] subjectively believed they were giving inadequate amounts of laxative to Mr. Dawson, but chose to do so anyway in order to prolong his discomfort or delay his procedure." Id. at 99. Dawson does not allege that the amount of laxatives he was given was obviously low or inadequate. Dawson's vague referrals to the nurses' failure to follow "protoc[o]l," see id. at 70–71 and Aplt. Br. at 3, fail to state what that protocol might be, or how the nurses deviated from it in either their administration of laxatives or rescheduling

5

Dawson's appointment. Additionally, regarding the delay in rescheduling, Dawson does not allege that either nurse had any knowledge that the first attempted colonoscopy was unsuccessful. Therefore, Dawson has not alleged any facts that would indicate either Lloyd or Oliveras knew of, and deliberately disregarded an excessive risk to Dawson's safety, and fails to state a claim on which relief may be granted.

This conclusion constitutes Dawson's third "strike" under 28 U.S.C. § 1915(g); see also Order Den. Mot. to Proceed in Forma Pauperis, Dawson v. Engelhoff, Case No. 08-1405 (10th Cir. Jun 10, 2009); ROA Vol. II at 97–101 (dismissing Dawson's complaint for failure to state a claim on which relief may be granted).

The judgment of the district court is AFFIRMED. Dawson's motion to proceed in forma pauperis is denied.[2]

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[2] See 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). The district court denied Dawson's motion for leave to appeal in forma pauperis, and issued an order stating that the appeal was not taken in good faith, and that Dawson had failed to show reasoned, nonfrivolous arguments for appeal. Order Den. Leave to Proceed on Appeal, Dawson v. Lloyd, No. 14-cv-01920-MSK-NYW, Doc. No. 74 (D. Colo. Nov. 13, 2015).